[Civ. No. 5802.   Fourth Dist.   Sept. 19, 1957.]

A. L. WILLINGHAM, Appellant, v. SAN DIEGO UNIFIED
SCHOOL DISTRICT (a Public Corporation) et al.,
Respondents.

Bertrand L. Comparet for Appellant.

James Don Keller, District Attorney (San Diego), Carroll H. Smith, Deputy District Attorney, Lindley, Lazar & Scales and John Barrett for Respondents.

MUSSELL, J.—This is a taxpayer's action for declaratory relief and for an injunction in which plaintiff seeks a judgment determining whether a certain contract between defendant San Diego Unified School District and defendant San Diego Transit System, a corporation, is unlawful and whether public moneys of said school district paid to said transit system under the terms of the contract are being lawfully expended. The trial court granted a motion for summary judgment and a dismissal of the action, and plaintiff appeals

from the summary judgment entered pursuant to said motion.

There is no dispute as to the material facts. The school district furnishes transportation to pupils in the city of San Diego by regular bus service provided for in contracts let on bids. The defendant transit system is a California corporation operating, under franchises from the city of San Diego, a bus system serving the general public on regular routes over various streets in the city. It is subject to and operates under the jurisdiction of the Public Utilities Commission of the State of California and complies with all orders and regulations of said commission. The transit system bid for and was awarded the contract (for the school year September 5, 1956-June 30, 1957), to provide school bus service to and from three schools of the district within the "Kearney Mesa District," operating the school bus along what is called the "Kearney Mesa Route." During said school year the transit system has been transporting pupils over this route and the school district has been paying to it the sum specified in the contract for such operation. The school district advertises for bids to furnish school bus service. The bid specifications require bidders to comply with all regulations of the California Department of Education relating to the operation and equipment of school buses and the safe transportation of pupils; that the bidders furnish proof that all school buses used to transport students have been accepted by the California Highway Patrol and meet all rules and regulations of the California Vehicle Code, the California Education Code and the Department of Education of California for school buses, if applicable. However, the bid specifications then provide that these requirements do not apply to motor vehicles subject to and meeting all requirements of the Public Utilities Commission operated by carriers operating under the jurisdiction of the Public Utilities Commission as provided for in Education Code, section 16273.

The regulations of the Department of Education from which the transit system herein was exempted are found in California Administrative Code, tit. 5, sections 1060-1171. These regulations provide that they are in addition to the provisions of the Vehicle Code; that except as otherwise indicated, the term "school bus" refers to and includes every motor vehicle defined as a school bus by Education Code, section 16273, and Vehicle Code, section 54; that a written agreement must be entered into between the governing board of each school district with each party contracting with such board for the

transportation of pupils and that each such agreement must provide that the party contracting to transport pupils agrees to comply with and observe all of the provisions of the Vehicle Code and all other applicable laws and all rules and regulations prescribed by the State Board of Education, any other state agency, and the said governing board, relating to the transportation of pupils; that school bus drivers shall be qualified and make reports as therein specified. There are numerous other regulations as to standees, number of pupils to be carried, seating space, inspection by the highway patrol, emergency exits, first aid kits, identification of buses, rear vision mirrors and seats. It is apparently conceded that the transit system did not comply with many of these regulations.

Appellant argues that these regulations are very burdensome; that they must be met by all bidders except the transit system, which can use any of its buses or drivers; that such a discrimination is not authorized by the terms of Education Code, section 16273, correctly construed, and hence, such discrimination is unlawful and payment of public moneys thereunder is unlawful. We do not agree with these contentions.

Education Code, section 16273, provides in part as follows:

"A school bus is defined as a motor vehicle regularly used for the transportation of pupils of the public schools to and from school or to and from school activities and owned either by any school district or by any person, firm, association, partnership, or corporation, excepting motor vehicles of the pleasure car type designed for and when actually carrying not more than seven pupils and the driver, and excepting motor vehicles subject to and meeting all requirements of the Public Utilities Commission operated by carriers operating under the jurisdiction of the Public Utilities Commission, or operated by and under the exclusive jurisdiction of any municipally owned transit system, if said transit system meets all the safety requirements of the Public Utilities Commission, but not used exclusively for the transportation of public school pupils."

A school bus is defined in section 54 of the Vehicle Code as any motor vehicle while being used for the transportation of any school pupil to and from school or to and from school activities, except the following: (a) A motor vehicle of the pleasure type designed for and when actually carrying not more than eight persons, including the driver; (b) A motor vehicle operated by a common carrier subject to the jurisdiction of the State Railroad Commission, except when any

said vehicle is in use exclusively for the transportation of school pupils; (c) A motor vehicle of any type carrying only members of the household of the owner thereof. Section 1062 of the Administrative Code provides that "these regulations are in addition to the provisions of the Vehicle Code."

It is apparent that the purpose of these statutory regulations is to promote the safety of school children being transported in vehicles and that the Legislature has accepted the standards which the Public Utilities Commission has prescribed for the safe transportation of the public, including pupils of the public schools.

There is no indication in the record that the transit system is operating its buses in violation of any of the regulations of the commission. ■ It is a matter of common knowledge that many pupils use regular bus lines serving the general public to travel to and from the public schools. To require these buses to comply with the many regulations imposed upon school buses, under the circumstances shown, would be contrary to the intent of section 16273 of the Education Code. ■ If, in fact, the transit system used its buses exclusively for the transportation of public school pupils it would then be reasonable to apply the noted provisions of the Administrative Code. ■ Education Code, section 16273, contains three exceptions to the definition of a school bus: (1) Motor vehicles of the pleasure car type designed for and when not actually carrying more than seven pupils and the driver; (2) Motor vehicles subject to and meeting all requirements of the Public Utilities Commission, operated by carriers operating under the jurisdiction of the commission; and (3) Motor vehicles operated by and under the exclusive jurisdiction of any municipally owned transit system if said transit system meets all the safety requirements of the commission but not used exclusively for the transportation of public school pupils. These exceptions are not discriminatory, as claimed by appellant. The statute is general and state-wide in its application. No class or individual is given preference over any other individual or class. If appellant desires to submit a bid to furnish school bus service and furnish buses to be used exclusively for the transportation of public school pupils, he, as any other bidder, must comply with the Administrative Code provision.

■ Appellant attacks the constitutionality of Education Code, section 16273 and claims that there is a conflict between this section and Vehicle Code, section 54. However, it is

apparent from a reading of the Vehicle Code section and the Education Code section that the two are not in conflict nor do they conflict with the stated provisions of the Administrative Code.

▮ Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous; a distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it. The existence of facts supporting the legislative judgment is to be presumed and the burden of overcoming the presumption of constitutionality is cast upon the assailant. (*Dribin* v. *Superior Court,* 37 Cal.2d 345, 351-352 [231 P.2d 809, 24 A.L.R.2d 864].)

▮ Appellant argues that Education Code, section 16273, puts the transit system in one favored category and all other bidders in another; that under the statute the school district asks for bids from ordinary bidders on the one hand and carriers enjoying special exemptions on the other, and that the Administrative Code regulations must be met by all bidders except the transit system. However, said Education Code section does not discriminate in favor of one or more carriers against others. It does not operate in favor of one municipally owned transit system as against another. It does not place heavier burdens on one or more individuals operating school buses than it does on others. It classifies by general description different classes of operators of transportation equipment. These classifications and regulations appear reasonable, consistent and essential to the providing of safe, convenient and economical transportation of public school pupils.

▮ As is said in *Sutter Basin Corp.* v. *Brown,* 40 Cal.2d 235, 247 [253 P.2d 649], quoting from *Watson* v. *Division of Motor Vehicles,* 212 Cal. 279, 284 [298 P. 481]:

" 'The equality of the Constitution is the equality of right, and not of enjoyment. A law that confers equal rights on all citizens of the state, or subjects them to equal burdens, is an equal law. [Citations.] So long as the statute does not permit one to exercise the privilege while refusing it to another of like qualifications, under like conditions and circumstances, it is unobjectionable upon this ground.' "

Judgment affirmed.

Griffin, Acting P. J., concurred.